UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **DRAKE L. NEWTON,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0610 AS |
| | ) | |
| **S. KNIGHT,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about September 27, 2005, *pro se* petitioner, Drake L. Newton, an inmate at the Pendleton Correctional Facility (PCF) in Pendleton, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on January 10, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the PCF which is located in the United States District Court for the Southern District of Indiana. However, it appears that the proceedings involving him occurred in this district in 2005 in Westville, Indiana. He was the subject of a prison disciplinary proceeding there designated as WCC 05-02-0028. The sanction included six months disciplinary segregation which has been served but which does not implicate a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995).

However, he was deprived of 120 days of earned credit time and demoted from credit class I to credit class II and deprived of 60 days earned credit time which does implicate *Wolff v. McDonnell*, 418 U.S. 539 (1974).  The proceedings at the WCC complied with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit.  *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).   There was a positive identification of Mr. Newton.

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States.  *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989).  The focus is not on violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

There is no indication in this record that this petitioner was before a decision-making body that violated the standards established in *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984).  For the record, Mr. Buss, the respondent, was not the decision maker, but merely one of the reviewers of the process.  Generally the arguments made in the papers in this case by the petitioner do not show his entitlement to relief under 28 U.S.C. §2254.

The Attorney General has placed before this Court a series of documents designated A through G2, both inclusive, which explicate in great detail the proceedings involved.  The petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  March 1, 2006

                                        **S/ ALLEN SHARP**
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**